IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS V. MOORE, ) | |
| ) | |
| Plaintiff,, ) | |
| ) | |
| vs. ) | Case No. CIV-05-764-W |
| ) | |
| TWYLA MASON GRAY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se*, brings this action as a petition for a writ of mandamus and he seeks to proceed *in forma pauperis*. United States District Judge Lee West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied.

A prisoner who has had three actions previously dismissed on the grounds that the lawsuit was frivolous, malicious or failed to state a claim, may not, absent "imminent danger of severe physical injury," file a new civil action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g). An action seeking mandamus relief is a civil action for purposes of 28 U.S.C. § 1915(g). Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).

A review of this Court's records demonstrates that Plaintiff has filed several civil rights actions and at least three of those actions were dismissed by the Court as either frivolous or for failure to state a claim. See Moore v. Alley, Case No. CIV-97-1205-M (W.D. Okla. Oct. 2, 1997) (order by Judge Miles-LaGrange adopting Report and Recommendation by Judge Purcell that the complaint be dismissed as frivolous); Moore v. Morris, Case No. CIV-03-1754-M (W.D. Okla. April 16, 2004) (order by Judge Miles-

LaGrange adopting Report and Recommendation by Judge Couch that the complaint be dismissed upon initial review and stating that dismissal counts as a prior occasion pursuant to 28 U.S.C. § 1915(g)), affirmed No. 04-6140, 2004 WL 2445673 (10th Cir. Nov. 2, 2004) (affirming district court's dismissal and that dismissal counts as a prior strike), cert. denied, 125 S.Ct. 1647 (2005); and, Moore v. Ward, Case No. CIV-04-575-M (W.D. Okla. Feb. 28, 2005) (order adopting Report and Recommendation by Judge Couch dismissing complaint and counting the dismissal as a prior occasion for purposes of 28 U.S.C. § 1915(g).

Plaintiff has not made a relevant showing of imminent danger or severe physical injury. 28 U.S.C. § 1915(g). Thus, Plaintiff may proceed with this lawsuit only by prepaying the full filing fee. See Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999) ("[Section 1915(g)] does not prevent prisoners with three strikes from filing civil actions; it merely prohibits them the privilege of *in forma pauperis* status."). Thus, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. No. 5] be denied and that he be ordered to prepay the full $250 filing fee for this action to proceed. See Lister v. Department of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (magistrate judge should have issued a report and recommendation, recommending denial of the motion to proceed *in forma pauperis*.).

Further, it is recommended that unless Plaintiff pays the $250 filing fee in full to the Clerk of the Court within twenty (20) days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the

Clerk of this Court by August 8, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F. 2d 656 (10th Cir. 1991).

ENTERED this 19th day of July, 2005.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE